# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **LANIER COOPER,** *et al.*, <br><br> *Defendants.* | **CRIMINAL ACTION NO.** <br> **3:25-cr-00020-TES-4** |

## ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE

Before the Court is Defendant Lanier Cooper's Unopposed Motion to Continue Trial in the Interest of Justice [Doc. 96]. Trial is currently set to begin on November 17, 2025, and the government does not oppose a continuance. [*Id.*]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

On August 12, 2025, the Government obtained an Indictment [Doc. 1] charging Defendant Cooper with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 in connection with 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(A)(ii) and (b)(1)(B)(iii), and using or maintaining a drug premises, in violation of 21 U.S.C. § 856(a)(1). [Doc. 1]. On August 26, 2025, Defendant Cooper was arraigned. [Doc. 58]. Defendant Cooper was released on bond pending trial on August 28, 2025. [Doc. 91].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

In his Motion, Defendant Cooper requests a continuance because "[Defendant Cooper] has not received discovery yet." [Doc. 96]. Additionally, Defendant Cooper asserts that "[t]he discovery in the case will be extensive and Defendant will need additional time to review the evidence and engage in plea negotiations." [*Id.*].

Considering this, failure to grant a continuance in this case would deny Defendant Cooper "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). So as to avoid a miscarriage of justice, the Court **GRANTS** Defendant Cooper's Unopposed Motion to Continue Trial in the Interest of Justice [Doc. 96]. Additionally, since "the time for trial

has not yet run" with respect to his co-defendants and "no motion for severance has been granted," *see* 18 U.S.C. § 3161(h)(6), the Court **CONTINUES** the Pretrial Conference until **November 10, 2025**, and the trial of this matter until **December 15, 2025**, *as to all Defendants*. The ends of justice served by this continuance outweigh the best interests of the public and these Defendants in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161(h)(7)(A) for excusable delay.

    **SO ORDERED**, this 29th day of August, 2025.

                                                S/ Tilman E. Self, III
                                                **TILMAN E. SELF, III, JUDGE**
                                                **UNITED STATES DISTRICT COURT**